## MANUEL v. THE MISSISSIPPI AND ALABAMA RAIL ROAD COMPANY.

### March 28, 1840.

*Rule to show cause of action, and why defendant should not be permitted to appear and take defence, &c.*

1. Under the 64th section of the act of 13th June, 1836, providing for the commencement of actions by foreign attachment, the defendant may cause an appearance to be entered, and take defence at any time before the execution of a writ of inquiry issued and judgment entered, at or after the third term for default of appearance.

2. It is too late to rule the plaintiff in foreign attachment to show his cause of action, after judgment entered at or after the third term for default of appearance.

THIS was a foreign attachment brought to September term, 1838, No. 11, in which Manuel was plaintiff, and the Mississippi and Alabama Rail Road Company were defendants. The *narr.* was filed February 14, 1840, and judgment was entered for the plaintiff on the 15th February, 1840, being after the third term, the defendants not having appeared or taken steps to dissolve the attachment, under the act of 13th June, 1836, section 53. (*Stroud's Purd. tit. Foreign Attachment.*) The plaintiff issued a writ of inquiry on the 20th February, 1840, returnable to March term, 1840.

On the 28th of February, 1840, the defendants obtained a rule to show cause of action, and why the attachment should not be dissolved, and why the writ of inquiry should not be set aside, and why the defendants should not be allowed to appear and take defence.

On the hearing of the rule,

*Cadwalader* appeared for the defendants.
*Chester*, for plaintiff.

The counsel referred to the 64th section of the act of 13th June, 1836; the rule of this court as to showing cause of action, (1 *Miles* 449) and to 5 *Binn.* 389.

PER CURIAM.—The 64th section of the act allows the defendant

[Manuel v. The Mississippi and Alabama Rail Road Company.]

" instead of giving bail or security, at his election, at any time before *judgment obtained* in the attachment, to cause an appearance to be entered for him, and to take defence to the action," which then proceeds as if commenced by summons, except that the attached property remains bound. This provision of the act was intended to be a beneficial one, and should be liberally construed in reference to its object, which was to alter the law as it stood prior to the act of 1836, by which a defendant could make no defence unless he put in special bail and dissolved the attachment. The term *judgment obtained* refers to a *final* judgment. The judgment at the third term (section 53,) is " for default of appearance," and is not to be considered as final and complete until the execution of the writ of inquiry. In ordinary cases where the action is by summons, on judgment for default of appearance, if without delay and before damages assessed, the defendant presents a *prima facie* case of defence on the merits, the courts generally allow the defendant to take defence. But on the act here, the appearance is in time.

As to that part of the rule which asks that the plaintiff shall show his cause of action, it is too late.

Rule accordingly.

